IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA

| | | |
|---|---|---|
| BRIAN DICKERSON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| | ) | 1:20-CV-03618-CC |
| PLZ AEROSCIENCE | ) | |
| CORPORATION and HAZMAT | ) | |
| RESPONSE AND REMEDIATION | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT HAZMAT RESPONSE AND REMEDIATION INC.,'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT**

COMES NOW, Hazmat Response and Remediation Inc., ("Defendant Hazmat") and, by and through its undersigned counsel, files this, its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Defendant Hazmat denies that any act or omissions by this Defendant was the proximate cause of any injuries alleged by the plaintiff.

**SECOND DEFENSE**

Plaintiff has failed to itemize his special damages.

1

## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant Hazmat.

## FOURTH DEFENSE

Defendant Hazmat did not owe any legal duty to Plaintiff or breach any legal duty to plaintiff.

## FIFTH DEFENSE

No act or omission of Defendant Hazmat caused or contributed to any injuries or damages alleged by plaintiff; therefore, plaintiff has no right of recovery against this Defendant.

## SIXTH DEFENSE

Plaintiff's injuries, if any, were caused solely and proximately by the negligence of Plaintiff, which negligence was equal to or greater than any negligence chargeable to this Defendant.  Accordingly, Plaintiff's recovery is barred or should be reduced by the proportion of Plaintiff's own negligence proximately causing Plaintiff's own injuries and damages, if any. (This Defendant specifically denies that it has been negligent in any respect.)

## SEVENTH DEFENSE

Plaintiff's injuries if any were caused solely and proximately by the acts or omissions of third persons, and liability should be apportioned accordingly. Such acts and omissions themselves constitute the sole proximate cause of Plaintiff's injuries and further served to break the chain of causation between Plaintiff's injuries and any negligence of which Defendant Hazmat may have been guilty. This Defendant specifically denies it has been guilty of any negligence whatsoever with respect to the Plaintiff.

## EIGHTH DEFENSE

Upon information and belief, the perils and dangers existing at the time of Plaintiff's actions, if any, were open, obvious and known to Plaintiff, who nevertheless conducted himself in such a manner so as to expose himself to any and all perils and dangers, and, by so doing, Plaintiff voluntarily assumed all risks pertaining thereto. Accordingly, Plaintiff's claims are barred, in whole or in part, by principles of assumption of risk and informed consent.

## NINTH DEFENSE

By the exercise of ordinary care, Plaintiff could have observed and avoided the incident complained of, and on account thereof, Plaintiff is barred from any recovery against Defendant Hazmat.

## **TENTH DEFENSE**

Further answering the numbered paragraphs of plaintiff's Complaint, Defendant Hazmat answers as follows:

1.

Defendant Hazmat can neither admit nor deny the allegations contained in paragraph 1 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

2.

Defendant Hazmat can neither admit nor deny the allegations contained in paragraph 2 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

3.

Defendant Hamzat denies that it can be served with summons and complaint at 40 Technology Parkway South #300, Norcross, Gwinnett County, Georgia, 30092. Defendant Hazmat admits the remaining allegations contained in paragraph 3 of plaintiff's Complaint.

4.

Defendant Hazmat can neither admit nor deny the allegations contained in paragraph 4 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

5.

Defendant Hazmat can neither admit nor deny the allegations contained in paragraph 5 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

**BACKGROUND**

6.

Defendant Hazmat can neither admit nor deny the allegations contained in paragraph 6 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

7.

Defendant Hazmat admits only that it was retained to remove various materials from the facility.  Defendant Hazmat can neither admit nor deny the remaining allegations contained in paragraph 7 of plaintiff's Complaint regarding any conversation between plaintiff and Defendant PLZ for want of sufficient

information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

8.

Defendant Hazmat can neither admit nor deny the allegations contained in paragraph 8 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

9.

Defendant Hazmat can neither admit nor deny the allegations contained in paragraph 9 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

## RESPONSE TO COUNT I – NEGLIGENCE

10.

Defendant Hazmat repeats and reincorporates herein responses to plaintiff's allegations contained in paragraphs 1 through 9 as if fully restated herein.

11.

Defendant Hazmat denies the allegations contained in paragraph 11 of plaintiff's Complaint.

12.

Defendant Hazmat can neither admit nor deny the allegations contained in paragraph 12 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

13.

Defendant Hazmat denies the allegations contained in paragraph 13 of plaintiff's Complaint.

## RESPONSE TO COUNT II – PREMISES LIABILITY

14.

Defendant Hazmat repeats and reincorporates herein responses to plaintiff's allegations contained in paragraphs 1 through 13 as if fully restated herein.

15.

Defendant Hazmat can neither admit nor deny the allegations contained in paragraph 15 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

16.

Defendant Hazmat can neither admit nor deny the allegations contained in paragraph 16 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

17.

Defendant Hazmat can neither admit nor deny the allegations contained in paragraph 17 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

## RESPONSE TO COUNT IV(SIC) – DAMAGES

18.

Defendant Hazmat repeats and reincorporates herein responses to plaintiff's allegations contained in paragraphs 1 through 17 as if fully restated herein.

19.

Defendant Hazmat denies any negligence alleged by plaintiff.  Defendant Hazmat can neither admit nor deny the remaining allegations contained in paragraph 19 of plaintiff's Complaint regarding plaintiff's alleged injuries for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

20.

Defendant Hazmat denies any negligence alleged by plaintiff.  Defendant Hazmat can neither admit nor deny the remaining allegations contained in paragraph 20 of plaintiff's Complaint regarding plaintiff's alleged damages for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

21.

Defendant Hazmat denies any negligence alleged by plaintiff.  Defendant Hazmat can neither admit nor deny the remaining allegations contained in paragraph 21 of plaintiff's Complaint regarding plaintiff's alleged damages for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

22.

Defendant Hazmat denies any negligence alleged by plaintiff.  Defendant Hazmat can neither admit nor deny the remaining allegations contained in paragraph 19 of plaintiff's Complaint regarding plaintiff's alleged damages for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of the same.

## COUNT V(SIC) – PUNITIVE DAMAGES

23.

Defendant Hazmat repeats and reincorporates herein responses to plaintiff's allegations contained in paragraphs 1 through 23 as if fully restated herein.

24.

Defendant Hazmat denies the allegations contained in paragraph 24 of plaintiff's Complaint.

In response to the "WHEREFORE" paragraph immediately following paragraph 24 (a) through (d), of plaintiff's Complaint, Defendant Hazmat denies that it is liable to plaintiff and deny that plaintiff is entitled to any relief from Defendant Hazmat under any theory of law or in equity.

WHEREFORE, having fully listed their defenses and having fully answered the Complaint, Defendant Hazmat prays as follows:

(a) That judgment be entered in favor of Defendant Hazmat and against plaintiff on the Complaint;

(b) That the costs of this action, including attorney fees, be cast against plaintiff; and

(c) That the Court grant such other and further relief as it may deem just and proper.

This 15th day of October, 2020.

**FREEMAN MATHIS & GARY, LLP**

 /s/ Thomas B. Ward
Thomas B. Ward
Georgia Bar No. 153081
Aaron P. Miller
Georgia Bar No. 898190

*Attorneys for Defendant Hazmat Emergency Response and Remediation, Inc.*

100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing

*DEFENDANT HAZMAT RESPONSE AND REMEDIATION INC.,'S ANSWER*

*AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* with the

ECF e-file system which will automatically send e-mail notification of such filing to

the following counsel of record:

R. Scott Masterson, Esq.
Daniel C. Norris, Esq.
Lewis, Brisbois, Bisgaard & Smith, LLP
Daniel.norris@lewisbrisbois.com
Scott.masterson@lewisbrisbois.com

Michael L. Goldberg, Esq.
Eric J.D. Rogers, Esq.
Fried Goldberg, LLC
Michael@friedgoldberg.com
Eric@friedgoldberg.com

Calena R. Brice, Esq.
The Brice Law Firm, LLC
thebricelawfirm@gmail.com

This 15th day of October, 2020.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Thomas B. Ward*
Thomas B. Ward
Georgia Bar No. 153081
Aaron P. Miller
Georgia Bar No. 898190

12

*Attorneys for Defendant Hazmat Emergency*
*Response and Remediation, Inc.*

100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

13